UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. MORRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES SEPULVEDA, et al.,<br><br>    Defendants. | Case No. 16-cv-00798-SI<br><br>**ORDER RE:** *IN FORMA PAUPERIS* **APPLICATION**<br><br>Re: Dkt. Nos. 6, 9 |

On February 17, 2016, plaintiff filed an application to proceed *in forma pauperis* (IFP) before Magistrate Judge Kandis A. Westmore. Dkt. No. 2. This application was denied with leave to amend on March 3, 2016. *See* Dkt. No. 6. In denying plaintiff's application, Judge Westmore concluded that plaintiff had filed an incomplete application; specifically, that he had not fully answered question numbers 4, 7, 9, and 10. *Id.* The order stated:

> Plaintiff has not indicated the amount he contributes to his spouse's support in his response to question 4.a, and while Plaintiff indicates that he has a bank account, he does not state the name and address of his bank and does not indicate the present balance in his account, all of which is required under question 7. Plaintiff has also failed to respond to question 9, which asks whether he has any other debts. Additionally, Plaintiff states that his complaint does not raise claims that have been presented in other lawsuits, but it appears that he has previously sued the same defendants in this court. *See, e.g., Morrell v. Cowin*, No. 97-cv-02684-VRW; *Morrell v. Cowin*, No. 97-cv-3890-VRW; *Morrell v. McCardle*, No. 98-cv-00174-VRW; *Morrell v. Contra Costa County*, 98-cv-02636-VRW. If these earlier actions relate to the claims asserted in his current complaint, Plaintiff shall list these, and any other, actions in his response to question 10.

*Id.* Plaintiff was ordered to file his amended IFP application by April 6, 2016, or pay the filing fee by that date. *Id.*

On March 29, 2016, plaintiff sent a letter to the clerk's office indicating that he would file a "[n]ew and completed [IFP] form" by April 3, 2016. Dkt. No. 9. To date, no amended

application has been filed.

"In general, filing an action IFP is a privilege, not a right." *Andrews v. King*, 398 F.3d 1113, 1123-24 (9th Cir. 2005). Plaintiff was given over four weeks to cure the deficiencies in his application. He has failed to do so. His amended application, should he choose to file it, is untimely and therefore DENIED.

That being said, once an IFP application has been denied, plaintiff is entitled to a reasonable time to pay the filing fee. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While plaintiff was previously put on notice of his obligation to pay the fee should he be unable to amend his application, the Court will afford plaintiff one additional week from the issuance of this order to pay the fee or to lodge with the Court an application for an extension of this April 20, 2016 deadline. If an extension is sought, plaintiff must provide the Court with good cause to grant the extension and a reasonable date for payment of the fee. The Court retains the discretion to dismiss plaintiff's case should he fail to satisfactorily comply with these requirements.

Additionally, this Court recently issued an order setting a status conference for June 10, 2016. Dkt. No. 12. In that order, this Court directed plaintiff that, if he had "not been granted leave to proceed *in forma pauperis*, then . . . [he was ordered] to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure [.]" Plaintiff was further cautioned that, "Failure to follow the procedures set forth in this order may result, under Rule 4(m), in dismissal of your case." *Id.* The Court underscores for plaintiff the importance of these and other deadlines to ensure the timely prosecution of his case.

**IT IS SO ORDERED**.

Dated: April 13, 2016

_____
SUSAN ILLSTON
United States District Judge